CHIEF JUSTICE DUVALL
delivered the opinion op the court:
In this action an attachment issued and was levied, among other things, on a buggy, as the property of the defendant, Stone. Sasseen filed his petition, claiming the buggy as his own, under an alleged purchase from. Stone prior to the suing *246 out or levy of the attachment. He states that he held a note on Stone for $128, and took the buggy in part payment of the debt at the price of $75.
The court below sustained the claim of Sasseen to t,he buggy, and the plaintiff Calvert has appealed.
The evidence wholly fails to establish the alleged purchase of the buggy, or to show that even the price alleged or any other price had been fixed by the parties. The testimony of the witnesses introduced by Sasseen is substantially this: It was agreed by Sasseen and Stone, a few days before the attachment issued, that the buggy should be valued by two men to be thereafter selected for that purpose, Sasseen'to take the buggy at such valuation and credit the amount on the note he ■held on Stone; if the valuation should exceed the amount of the note, Sasseen was to pay the excess; that the buggy was to be brought to town for the purpose of being valued, but • that had not been done, nor had there been any valuation ac- ■ cording to the agreement, nor any change of the possession of the property up to the time the attachment was levied.
Upon these facts it would hardly be pretended that there ■ was a sale and purchase of the buggy, such as passed the title • to Sasseen. Nor did the agreement as prove ), invest him with ■ such an equitjr as the chancellor could have inforced, either as against Stone himself or his attaching creditor. It was neither a mortgage nor pledge of the property to secure the payment of the debt, the agreement being in parol, and unaccompanied tby a delivery of the possession. It was nothing more than a mere agreement to sell, to be executed at a future time, and upon terms to be thereafter fixed in the mode prescribed. Ob-viousty it was an agreement which a court of equity would not have enforced specifically even as between the parties, and which therefore passed no right, legal or equitable, to the thing. For a breach of the agreement by either party an action for damages would have been the only remedy
It results that, as the appellee failed to establish any right, legal or equitable, to the property in dispute, his petition should have been dismissed, and the appellant’s attachment sustained.
*247 The judgment is therefore reversed, and the cause remanded for a judgment and further proceedings as indicated.