GOVERNOR APARTMENTS, INC. *vs.* HUGH A. CARNEY, trustee.

Suffolk. February 9, 1961. — April 3, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Contract,* Construction, For settlement of debt. *Payment. Volunteer. Duress. Evidence,* Extrinsic affecting writing. *Law or Fact. Interest.*

An agreement between a mortgagor of real estate and the mortgagee that upon payment of a stipulated sum less than the full amount of the mortgage "said mortgage is to be considered as fully paid and a discharge shall issue therefor" was not ambiguous and was not limited to specifying an amount to be paid on the principal of the mortgage but specified an inclusive sum the payment of which entitled the mortgagor to a discharge, and a contention made by the mortgagee upon receipt of payment of such sum that interest on the mortgage was still due was without merit. [354]

The construction of unambiguous language in an agreement between a mortgagor of real estate and the mortgagee that upon payment of a stipulated sum the mortgage should be considered as fully paid and a discharge thereof issued was a question of law in an action by the mortgagor against the mortgagee to recover interest on the mortgage paid under alleged compulsion after payment of the stipulated sum, and evidence respecting interest could not be received to show a different agreement or to create an ambiguity. [354]

In an action by a mortgagor of real estate against the mortgagee to recover interest on the mortgage paid after payment of a stipulated sum, less than the full amount of the mortgage, which the parties had agreed should constitute satisfaction of the mortgage and entitle the mortgagor to a discharge thereof, evidence that following payment of the stipulated sum by the plaintiff, who had obtained a replacement mortgage, an argument arose between the parties as to payment of interest on the mortgage and the defendant stated "If you do not pay this interest, I will foreclose," whereupon the plaintiff paid the interest and the defend-

ant acknowledged that it was "paid under protest," warranted findings by the trial judge that the defendant threatened to foreclose the mortgage and to demand the full amount thereof unless the interest was paid, regardless of the parties' agreement, and warranted the judge's rulings that the plaintiff was "compelled" to pay the interest in order to obtain a discharge of the mortgage and that he did not "voluntarily" pay the interest; and such findings and rulings required a conclusion that the plaintiff was entitled to recover the interest paid.   [354–355]

CONTRACT.   Writ in the Municipal Court of the City of Boston dated December 4, 1958.

The action was heard by *Adlow*, C.J.

*William J. Carr*, for the defendant.

*S. Myron Klarfeld*, for the plaintiff.

WHITTEMORE, J.   This was an action in the Municipal Court of the City of Boston to recover money paid under compulsion.   The trial judge found for the defendant.   The Appellate Division vacated the finding and ordered a finding for the plaintiff in the amount claimed, $597.65.

The evidence set out in the report tended to show the following facts:

The defendant, holding a mortgage on property of the plaintiff in the Brighton district of Boston, brought a suit in the Superior Court for permission to foreclose on the ground that alterations had been made which constituted waste, and, on or about July 1, 1958, obtained a decree authorizing foreclosure, from which decree the plaintiff appealed.   The plaintiff and the defendant then negotiated for the discharge of the mortgage, and on or about October 16, 1958, the mortgage being then "in the amount of $93,000," the plaintiff paid the defendant $10,000, and the parties agreed in a writing, drafted in the hand of the defendant, as follows:

> "Boston, Massachusetts
> October 16, 1958.

"Receipt is hereby acknowledged of ten thousand ($10,000.—) dollars from Maurice Gordon to be applied to the present balance of a mortgage dated June 1, 1956 running from Maurice Reubens to to [*sic*] Carney Newman Trust, Hugh A. Carney Trustee, covering the following

premises, 162 and 164 Allston Street and 186, 190, 192 and 194 Kelton Street, in said Boston, said mortgage is recorded in Suffolk Registry of Deeds.

"In the event that within thirty days from the date hereof the said Maurice Gordon pays to the Carney Newman Trust, Hugh A. Carney Trustee the further sum of ($77,500.)—seventy seven thousand five hundred dollars said mortgage is to be considered as fully paid and a discharge shall issue therefore [*sic*]. Otherwise the said balance shall be ($83,000.00) eighty three thousand dollars after the within payment of ten thousand dollars ($10,000.—)

"Ten days of grace will be given on the above arrangement if required.

Accepted Governor Apartments    Carney Newman Trust
by Maurice Gordon               Hugh A. Carney Trustee
                                    and not individually."

Within the extended term of the agreement, the plaintiff, on December 3, 1958, presented to the defendant a check for $77,500, whereupon the defendant demanded interest to December 3, 1958, in the amount of $597.65. An argument ensued. The plaintiff's representative said that the defendant had previously agreed that there would be no additional charge for interest and that the plaintiff was to have the discharge upon payment of the stipulated sum. The defendant denied this and the argument finally reached the point at which, according to testimony for the plaintiff, the defendant said, "If you do not pay this interest, I will foreclose." The plaintiff's representative as a result made out his personal check for $597.65 and the defendant "at the request of the plaintiff" wrote on a slip of paper, which showed the interest computations, the following: "Boston, December 3, 1958. The above amount was paid under protest to Hugh A. Carney as he is trustee of the Carney Newman Trust and not individually." The plaintiff had obtained a replacement mortgage at a higher rate.

The judge, in a concluding statement, declared, "In construing the agreement . . . I have considered it as limited

in scope to principal on mortgage and in no manner affecting interest running up to the time of discharge.'' Thus he limited the significance of his ruling that ''the defendant agreed to consider his mortgage as 'fully paid' and to issue a discharge therefrom upon the payment . . . of $87,500 within the time agreed upon,'' and of his findings that the plaintiff paid $87,500 within the agreed time and that the defendant refused to issue a discharge.

The judge found that the defendant threatened to foreclose the mortgage and to demand $93,000 unless the interest payment was made. He also ruled that ''Upon the evidence, the plaintiff was compelled to pay the additional sum of $597.65 as interest in order to obtain a discharge of the mortgage . . . [and] the plaintiff did not voluntarily make a payment of $597.65 . . . .'' He declined to rule as requested that the evidence and the law warrant a finding for the plaintiff.

We agree with the Appellate Division that the conclusion was wrong that the agreement was limited to specifying an amount to be paid on the principal of the mortgage. There was nothing ambiguous in the inclusive specification ''said mortgage is to be considered as fully paid and a discharge shall issue therefor.'' Evidence could not be received to show a different agreement or to create an ambiguity. *Glackin* v. *Bennett,* 226 Mass. 316, 319–320. *Tilo Roofing Co. Inc.* v. *Pellerin,* 331 Mass. 743, 745–746. *Dekofski* v. *Leite,* 336 Mass. 127, 129. *Forte* v. *Caruso,* 336 Mass. 476, 481. The construction of such a contract presents a question of law for the court (*Hiller* v. *Submarine Signal Co.* 325 Mass. 546, 549–550, *Taylor* v. *Gowetz,* 339 Mass. 294, 300) and the defendant would take no advantage if the judge's erroneous conclusion were construed as a finding.

The rulings of the judge to the effect that the payment was coerced were right. The defendant's assertion of his strongly held view that the interest was due notwithstanding the agreement was of course not coercive. But the threat to foreclose the mortgage was a threat to act notwithstanding the agreement. This reasonably could mean

that the plaintiff was faced with litigation as to whether the October 16, 1958, agreement was valid and controlling as well as with continuance of the litigation in respect of the defendant's right to foreclose, and, additionally, the loss of the replacement mortgage which the plaintiff had negotiated elsewhere. The finding was warranted that the defendant, to get his way, had brought to bear his power to make trouble for the plaintiff, regardless of its rights under the agreement. Such finding was in effect made, reading the finding of the threat to foreclose with the rulings that the evidence showed compulsion and involuntary payment. A payment made in such circumstances is recoverable. *Cazenove* v. *Cutler,* 4 Met. 246, 249. *Murphy* v. *Brilliant Co.* 323 Mass. 526, 529–530. Williston, Contracts (Rev. ed.) §§ 1603–1607; 1617; 1623. Compare *Carey* v. *Fitzpatrick,* 301 Mass. 525, 528–529. The salutary result of allowing recovery on such facts is that the area of possible litigation is surely confined to the only issue genuinely in dispute, and time is afforded to determine that issue in due and seemly course. The defendant by his voluntary indorsement of the fact that the payment was under protest perhaps gave some recognition of the reasonableness of narrowing and reserving the issue, but it is unnecessary to decide that.

It was error to refuse to rule that the evidence and law warranted a finding for the plaintiff. The findings and rulings in respect of legal compulsion require a finding for the plaintiff.

*Order of Appellate Division affirmed.*