*Southern Division*
No. 26685
**BELLA CONSTRUCTION CORPORATION**
v.
**EMORY LEVAY, TRUSTEE OF EMORY REALTY TRUST**
Argued: August 9, 1967 Decided: Feb. 11, 1968

*Present:* Nash, C. J., Cox, Lee, J. J.

Case tried to *Robinson, J.* in the District Court of Western Norfolk.    No. 26685

*Lee, J.* This is an action of contract in which the plaintiff seeks to recover fifty-five hundred dollars (5500.00) as the balance due from the defendant under a written contract. The answer is a general denial. Defendant further answered payment, release and discharge, and accord and satisfaction. Defendant further answered in recoupment seeking damages for the failure of the plaintiff to perform its obligations under the written contract.

The court found for the plaintiff in the sum of $2,261.66

*At the trial there was evidence tending to show that:*

The plaintiff and defendant entered into the written contract dated January 24, 1966.

The total sum of money involved was $60,000 which was to be paid by the defendant to the plaintiff upon an installment basis as the work progressed. There was a time schedule for the completion of different phases of the work. The plaintiff, however, fell behind in his work and was warned by the defendant that the contract would be terminated and the plaintiff held liable for all damages incurred for failure to complete the work in accordance with the schedule set forth in the contract.

The plaintiff then engaged Crossfield Construction Corporation to perform some of the work. Early in June 1966 all equipment of Crossfield and the plaintiff were removed from the job site and the plaintiff notified the defendant that he could not obtain equipment to complete the work. On June 21, 1966, the defendant, through his attorney, notified the plaintiff that the contract was terminated for failure to complete the work in accordance with the schedule set forth in the contract and that the defendant intended to hold the plaintiff responsible for all damages incurred for failure to perform same.

The defendant filed nine requests for rulings of law but we find in the instant case that number six is controlling. Number six states,

"A general release embraces everything within it terms and constitutes a bar to recovery."

The trial justice's qualified allowance of this

request was in error. His ruling on this request was as follows:

> "6. Allowed, however, I find as a fact that the amount due the plaintiff to the Crossfield Construction Corporation was not intended to be embraced within the terms of this release but was collateral to it. I find that the release only applied to any sum due the plaintiff in excess of the Crossfield debt."

The general release of August 31, 1966 and the payment of $1200.00 discharged the defendant from any further liability under this contract. The portion of the general release which is pertinent is as follows: . . ."and more especially on account of a certain contract dated January 24, 1966 pertaining to Oakland Park, Section II, Franklin, Massachusetts." Its terms were clear, unequivocal and unambiguous and no evidence should have been received to change its content or show a different agreement or to create an ambiguity. *Sherman* v. *Koufman*, 349 Mass. 606 at 610, 611. *Governor Apartments, Inc.* v. *Carney*, 342 Mass. 351 at 354.

There being prejudicial error, the finding of the trial justice is reversed and **judgment is to be entered for the defendant.**

Patrick E. Murphy,
  of Franklin, for the Plaintiff.
Howard C. Abbott,
  of Franklin, for the Defendant.