Cowdrey, P. J.
This is an action in tort and contract for breach of warranties, for deceit, and for violations of G. L. c. 93A in the defendant’s sale of a motor vehicle to the plaintiff.
*96 The reported evidence indicates that: On January 26, 1979, the plaintiff purchased a new 1979 Chevrolet Corvette from the defendant for the sum of $11,843.23. The purchase contract stated, in bold type:
ATTENTION PURCHASER: IF YOU HAVE MECHANICAL OR OPERATING PROBLEMS OR IF THIS VEHICLE DOES NOT PASS SAFETY INSPECTIONS WITHIN (7) DAYS OF PURCHASE, YOU SHOULD NOTIFY THE DEALER IMMEDIATELY. HE MAY BE REQUIRED TO FIX THE VEHICLE OR REFUND YOUR MONEY. THIS VEHICLE IS COVERED BY THE IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE.
At the plaintiffs insistence, additional language was inserted into the contract to specify that the “purchase (is) subject to inspection and satisfaction.”
The motor vehicle was delivered on January 30, 1979. The plaintiff informed the defendant on January 30, or the morning of January 31, 1979 that he was not satisfied as the car was getting poor gas mileage and as the engine produced a noisy drone which made it difficult to hear either passengers or the car radio.
On February 2, 1979, the defendant undercoated the car to correct the noise problem, and made adjustments to improve the car’s mileage.
On February 5, 1979, the plaintiff examined and test-drove the car after alteration with both a salesman and a mechanic of the defendant corporation. The noisy drone was still present and the plaintiff remained unsatisfied. The defendant suggested further alterations to insulate the car’s interior and to extend the tail pipe. The plaintiff rejected this offer, and elected to return the car in exchange for a full refund of the purchase price.
The defendant refused to refund the purchase price.
On February 13, 1979, the plaintiff traded-in the Corvette to Olson Cadillac and was credited with a $10,500.00 trade-in value. The plaintiff did not notify the defendant of this transaction.
The plaintiff mailed a demand letter pursuant to G. L. c.93 A to the defendant on March 15, 1979. The letter did not state that the car had been sold. On April 14, 1979, the defendant submitted a written tender of settlement to the plaintiff which offered to exchange or replace the defective vehicle or to refund all monies paid.
The trial court entered findings of fact and rulings of law which included the following:
4. Goods to be merchantable must at least be fit for the ordinary purpose for which such goods are used, M. G. L. c. 106§ 2-314.
5. The sale of an automobile which gets poor mileage and operates with lots of vibration and noise, so as to preclude hearing the car radio or passengers, that car is not fit for use as a personal car.
6. Where purchase contract specified that the car was subject to purchaser’s inspection and satisfaction, that sale is a sale on approval subject to Chapter 106, § 2-327.
7. The buyer gave reasonable notice as to his failure to accept the car.
8. After notification of the election to return, the expense and risk is the seller’s and the buyer must follow reasonable instructions of the seller.
9. On a rightful rejection of acceptance, a buyer has a security interest in goods in his possesion for any payments made on the price and any expenses reasonably incurred and may resell the goods, M. G. L. c. 106, § 2-711(3).
10. The method, manner, time, place and terms of a sale must be *97 commercially reasonable and notice of sale shall be given to the seller. Failure to give notice limits seller’s liability.
11. A rejection of a reasonable written offer of settlement, made within 30 days of the mailing of the written demand, limits recovery of attorney’s fees and costs to those incurred prior to the written settlement offer.
12. The defendant’s actions do not constitute the tort of deceit as a matter of law.
Judgment was entered for the plaintiff in the sum of $1,343.23 plus interest, which represented the difference between the purchase price and trade-in value of the motor vehicle in question. Costs and attorney’s fees were limited to those incurred prior to the plaintiffs rejection of the defendant’s settlement offer.
The defendant now claims to be aggrieved by 'an alleged inconsistency between the court’s subsidiary findings and rulings; and by the court’s disposition of the following requests for rulings of law submitted by the defendánt:
6. The defendant’s acts and practices do not constitute a breach of contract or a breach of implied warranties of merchantability and fitness for a particular purpose.
ALLOWED, BUT I DO NOT SO FIND.
7. The plaintiff did not act with good faith in his dealings with the defendant by selling the car before the defendant had an opportunity to repair the matters complained of.
ALLOWED, BUT I DO NOT SO FIND.
8. The Court find for the defendant on all counts.
ALLOWED, BUT I DO NOT SO FIND.
1. The question of an alleged inconsistency between the court’s subsidiary findings and rulings may not be raised for the first time on this appeal by the defendant. Adkins v. Amato, 56 Mass. App. Dec. 50, 54 (1975); Moretto v. Wakefield, 50 Mass. App. Dec. 163, 169 (1973). It is well established that such an inconsistency may be remedied solely by a motion to correct the same or a motion for a new trial addressed to the trial justice’s discretion. Cook v. Kozlowski, 351 Mass. 708 (1967); Veira v. Balsamo, 328 Mass. 37, 39 (1951). A failure to pursue either of these two remedies constitutes a waiver of a party’s right to appellate review on the question of a possible inconsistency. Fritz v. Brennan, 46 Mass. App. Dec. 26, 31 (1971); Colonial Drug Co. v. Clerkin, 39 Mass. App. Dec. 142, 142 (1968).
2. There was no error in the trial court’s disposition of requested rulings 6 and 8. As the parties’ purchase and sale agreement expressly stipulated that the vehicle purchase was “subject to inspection and satisfaction,” the defendant’s refusal to refund the plaintiff s purchase money upon the plaintiffs seasonable rejection of the car on February 5, 1979 constituted an unequivocal breach of contract. G. L. c. 106 §§ 3-236 and 2-327. The reported evidence of vehicle defects also supports the trial court’s findings as to the defendant’s breach of implied warranties. The defendant was thus not entitled to the rulings framed in requests 6 and 8 as such rulings were inconsistent with the court’s properly drawn subsidiary findings. Cournoyer v. Holyoke, 314 Mass. 604, 608-609 (1943); Bresnick v. Heath, 292 Mass. 293, 296 (1935).
3. The trial court also properly disposed of request for ruling number 7 which was predicated upon assumed facts not found by the court; namely, that the defendant was deprived of an opportunity to repair the vehicle. The reported evidence establishes that the defendant did in fact have an opportunity on February 2,1979 to correct the defects in question and failed to do so. Moreover, *98 the G. L. c. 106, § 2-326 “sale on approval” terms of the parties’ transaction did not entitle the defendant to repeated repair attempts but conversely compelled the defendant to refund the purchase money upon the plaintiffs rejection. The defendant’s refusal to comply with this contract term has resulted in its liability to the plaintiffs in damages herein.
The defendant neglected to submit at trial a pertinent request for ruling as to the appropriate measure of damages herein. We decline, therefore, to consider whether the plaintiffs failure to notify the defendant of their sale of the vehicle on February 13, 1979 should have resulted in a different computation and award of damages herein. A party is not entitled to raise for the first time on appeal a question which could have been presented at the trial level. Hogan v. Coleman, 326 Mass. 770, 772 (1951); Kaufman v. Parker, Mass. App. Div. Adv. Sh. (1977) 580, 584.
4. There being no error, the report is dismissed.