Troy, J.
After hearing and consideration, defendants’ motion for summary judgment is allowed for the reasons stated below.
The Offer to Purchase Real Estate (purchase contract) is a valid contract. McCarthy v. Tobin, 429 Mass. 84 (1999). However, the purchase contract contained a condition precedent of “contingent upon sellers finding suitable housing w/n 45 days & buyers may grant an extension of an additional 30 days at their option.” Because of this condition precedent, defendants were *137 not obligated to perform unless the contingency was met. See Wood v. Roy Lapidus, Inc., 10 Mass.App.Ct. 761, 763-64 (1980). Where there is no ambiguity in a contract, its interpretation is a question of law for the judge. Governor Apartments, Inc. v. Carney, 342 Mass. 351, 354 (1961). The court finds that the condition precedent is not ambiguous and that it means housing that is suitable to the sellers. Neither the language used in the contract extensions nor the parties’ conduct prior to 4-02-01 reflects a different meaning. The condition precedent does not contain a requirement that defendants advise plaintiffs of the scope or criteria of their search. As frustrating as this process obviously was to the plaintiffs, the condition precedent in the purchase contract gave defendants the subjective right to determine if a given house was suitable to them, irrespective of what other houses were available.
Notwithstanding the above, defendants owed a duty of good-faith and fair dealing to plaintiffs. Anthony’s Pier 4 v. HBC, 411 Mass. 451, 473 (1991). And necessarily implied in the condition precedent is an affirmative duty on defendants to use reasonable efforts to find suitable housing. See Sechrest v. Safiol 388 Mass. 568, 571 (1981). Defendants could not use the contingency as a subterfuge or sham to avoid their obligations under the purchase contract. Lynch v. Andrew, 20 Mass.App.Ct. 623, 626 (1985).
In order to prevail on a motion for summaiy judgment, the moving party must demonstrate that there is no genuine issue as to any material fact. Commonwealth National Bank v. Dawes, 369 Mass. 550, 554 (1974). Because this burden is on the moving party, the evidence presented is construed in favor of the party opposing the motion and that party is given the benefit of all inferences that can reasonably be drawn from the evidence. Dawes at 554. In support of their motion, defendants have produced competent evidence through affidavits of the defendants and the broker,[1] and' deposition testimony and documents, that defendants conducted a good-faith search for a replacement house. In that search, one or both of the defendants viewed 50-60 properties in Norwell and surrounding towns, personally visited 25-30 of the properties, drove by another 3 0 which were not acceptable, and unsuccessfully made written offers to purchase three of those properties after the purchase contract had been signed, their last purchase offer being rejected in March 2001.[2]
Faced with this competent evidence, the opposing party, to defeat a motion for summaiy judgment, must set forth specific admissible evidence showing that there is a genuine issue for trial. Correllos v. Viveiros, 410 Mass. 314, 317 (1991). A factual assertion that is supported by admissible evidence is in genuine dispute only if the opposing party is able to present admissible evidence negating the assertion or supporting a contrary proposition. See Kounouvacilis v. General Motors Corporation, 410 Mass. 706, 714-16 (1991), and Mass.R.Civ.P. 56(e).
Plaintiffs have alleged in their complaint that defendants learned of other properties that had sold for more money than they were going to receive from plaintiffs, that defendants had demanded additional money from them, and that defendants were showing the property to other prospective buyers seeking more money.[3] Competent evidence supporting any of these allegations would preclude summaiy judgment for defendants.[4] To determine if plaintiffs have met their burden, this court has reviewed the affidavits of plaintiffs, Mrs. Duquette’s deposition transcript regarding her knowledge of defendants’ replacement house search, the affidavits and documents regarding other houses available in the area, and the other documents and exhibits submitted by plaintiffs, including plaintiffs’ supplemental memorandum and plaintiffs’ cross motion for summaiy judgment. The court also reviewed the entire transcript of the deposition of defendant, Mrs. Burtch,[5] at which she was extensively and vigorously cross-examined by plaintiffs’ counsel regarding defendants’ claimed efforts to find a replacement house. These documents simply do not contain competent evidence to support plaintiffs’ allegations that defendants breached the purchase contract by ignoring their binding contractual obligations, by showing the property to other prospective buyers to get more money, or by seeking to force plaintiffs to pay more money for their house. Neither have plaintiffs produced competent evidence of defendants’ conduct or statements to establish a breach of the covenant of good faith and fair dealing, negligently made false representations, fraud or deceit, or unfair or deceptive trade practices.[6] There is no question from reading plaintiffs’ papers that they believe that the defendants did not conduct a good-faith search for a replacement house and that, as a result, they have been damaged. However, suspicions and allegations are not sufficient to defeat a motion for summaiy judgment. Plaintiffs have an obligation to designate specific facts showing that there is a genuine issue for trial. Celotex v. Catrett, 47 U.S. 317, 323-24 (1986). Because plaintiffs have failed to demonstrate the existence of specific facts showing that there is a genuine issue for trial, defendants’ motion for summaiy judgment as to Counts I-V must be allowed. Summaiy judgment as to Count VI (declaratoiy judgment), and Count VII (injunctive relief), which are based upon plaintiffs’ claims in Counts I-V must also be allowed.[7]
ORDER
For the reasons stated above, defendants’ motion for summaiy judgment as to all counts of the complaint is ALLOWED and the plaintiffs’ complaint is dismissed.

 The court advised the parties at the hearing that he knows one of the brokers, Jane Lavin, how he knows her, and that this would have no Impact on the court. Neither party *138 requested that the court recuse itself.

 At the request of the Court, defendants’ counsel submitted copies of the purchase orders after the hearing.

 Plaintiffs point out that ajudge of this court (McLaughlin, J.), after a contested hearing, granted them a lis pendens on defendants’ property after they brought this lawsuit. The granting of a lis pendens, however, does not bear on the merits of a case because once a judge determines that the subject matter of the action concerns an interest in real estate, the judge ordinarily is required to endorse the lis pendens memorandum. Sutherland v. Aolean Development Corp., 399 Mass. 36, 41 (1987).

 Plaintiffs also allege defendants acted in bad faith when they caused plaintiffs to pay for a house inspection on defendants’ house in March 2001. Irrespective of the angst and expense this caused plaintiffs, neither this act nor agreeing to three contract extensions support plaintiffs’ contention that defendants were seeking to avoid their contract obligations.

 Because it was necessary to determine the context of the deposition excerpts filed with the papers, plaintiffs’ counsel submitted the entire deposition transcript at the court’s request after the hearing.

 Plaintiffs’ contentions under G.L. 93A are further deficient because G.L. 93A is not applicable to the sale of a private home. Lantner v. Carson, 374 Mass. 606 (1978).

 Plaintiffs contend in their papers that defendants’ letter to them stating that defendants would not agree to another extension and that the purchase contract shall be considered “null and void” constituted a breach of the purchase contract. The court disagrees. The language used in the letter is not controlling. The third extension expired on 4-02-01. Defendants were under at least an implied obligation to give notice to plaintiffs prior to that date that they would not enter into an additional extension. Although the letter is dated 3-29-01, it recites that “the extensions have terminated” and was to be delivered to the plaintiffs through the brokers. To the extent that the brokers delivered the letter to plaintiffs prior to 4-02-01, it did not constitute a breach of the purchase contract which expired by its own terms on that date.