ANNA ANDRADE *vs.* ROBERT CORREIA.

Bristol.   February 1, 1971. — March 4, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, & BRAUCHER, JJ.

*Evidence*, Opinion: expert. *Proximate Cause. Witness*, Expert witness, Chiropractor.

At the trial of an action for personal injuries sustained in an automobile accident about six years previously by a plaintiff who testified that she could only "manipulate . . . [her right hand] to a certain degree and no more," the opinion of a general medical practitioner who had examined the plaintiff on the day following the accident and had treated her thereafter, and the opinion of a chiropractor, based on his own observations and facts already in evidence, were sufficient to establish a causal connection between the accident and the plaintiff's disability. [788]

A trial judge did not exceed his discretion in permitting a chiropractor who was not a doctor of medicine to express his opinion that there was a causal connection between an automobile accident in which the plaintiff was involved and an injury to her hand.   [788–789]

TORT.   Writ in the Superior Court dated August 25, 1964.

The action was tried before *Smith*, J.

*John F. O'Donoghue* for the defendant.

*Armand Fernandes, Jr.*, for the plaintiff.

SPIEGEL, J.   In this action of tort for alleged personal injuries and property damage sustained by the plaintiff when her motor vehicle collided with that of the defendant, the jury returned verdicts for the plaintiff on two counts.   The

case is before us on the defendant's exceptions to the admission of evidence.

At the trial held about six years after the accident the plaintiff testified that she could only "manipulate . . . [her right hand] to a certain degree and no more." The defendant excepted to this testimony. He argues that medical testimony was required to show the causal relationship between the injuries the plaintiff incurred and the resulting condition in her hand, and that no such testimony was produced.

It is unnecessary for us to decide whether medical testimony was necessary to prove the causal connection between the plaintiff's injury and her condition because in any event we are of opinion that sufficient medical testimony was presented. Dr. Meyer Goldstein, a general practitioner, and Dr. Chester T. Barron, a chiropractor, each testified on behalf of the plaintiff. Dr. Goldstein examined her on September 1, 1962, the day following the accident and continued to treat her until August 17, 1964. Coincidentally, on that day, after being finally discharged for the injuries sustained in the 1962 accident, the plaintiff was involved in another automobile accident. Dr. Goldstein examined her for neck and back injuries sustained in the second accident. At the trial, he stated that the most serious condition for which he had treated the plaintiff following the 1962 accident was the injury to her hand. In August, 1964, after the second accident, he treated her for "a neck and a back injury, but . . . she had no claims for an injury to her hands." Subsequently, while testifying concerning the causal relationship between the 1962 accident and the disability, Dr. Goldstein and the court engaged in the following colloquy: THE COURT: "We don't want a medical guess, Doctor. We want to know as a medical certainty, as a reasonable medical probability, whether or not in your opinion what you observed when you examined her relating to an accident in 1962 — whether or not the injury to that hand was caused by that accident." DR. GOLDSTEIN: "Oh, definitely so. It is not an opinion. I firmly believe that this accident had

something to do with her hand." On cross-examination, Dr. Goldstein stated that the disability could be caused either by a trigger finger or a nerve injury and it was his opinion that "there is an injury to a nerve that is causing something wrong with . . . [the plaintiff's] finger." When he could not state his exact diagnosis and began to speculate the court said: "We cannot deal in medical guesswork."

It is settled that expert testimony may have evidential force, "if it is probably true." *Ruschetti's Case,* 299 Mass. 426, 430. In the case at bar, although Dr. Goldstein's testimony was somewhat weakened on cross-examination, we believe that his opinion taken in proper context went beyond the realm of conjecture and was sufficient to establish the causal connection between the 1962 accident and the plaintiff's disability. The plaintiff had testified, in effect, that prior to the accident she had full use of both her hands. Dr. Goldstein testified that the hand injury was the plaintiff's most serious injury. His testimony was entitled to evidential force.

Similarly, the expert testimony of the chiropractor, Dr. Barron, had probative value. A hypothetical question asked Dr. Barron sufficiently related the facts of the accident to the hand injury. The record shows that his testimony was derived partly from his own observations and partly from what he was asked to assume of facts already in evidence. *Commonwealth* v. *Harrison,* 342 Mass. 279, 287–290. *Uberto* v. *Kaufman,* 348 Mass. 171, 172–173.

Dr. Barron was not incompetent to give opinion testimony merely because he is a chiropractor and not a doctor of medicine. A chiropractor may be found by a trial judge to be qualified to give expert testimony within the scope of his experience and the limited scope of the permissible practice of a chiropractor. See 52 A. L. R. 2d 1384, for a collection of the cases. In Massachusetts, chiropractic is recognized by statute as "the science of locating, and removing interference with the transmission or expression of nerve force in the human body, by the correction of misalignments or subluxations of the bony articulations and adjacent struc-

tures." G. L. c. 112, § 89, inserted by St. 1966, c. 409, § 2. We cannot say that the trial judge exceeded his discretion in finding Dr. Barron qualified to give the testimony admitted through him.

*Exceptions overruled.*