LINDA SHAW & another *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. November 1, 1971. In this action of tort the minor plaintiff seeks compensation for personal injuries and her father seeks consequential damages as a result of an accident in which she was struck by a streetcar owned by the defendant. The accident occurred at the defendant's authorized inbound stop on Huntington Avenue in Boston. The case was tried before a judge and jury; at the close of all the evidence the defendant filed a motion for directed verdicts, which was granted. The plaintiffs excepted. We think there was error. The jury could have found that the minor plaintiff was struck by the streetcar while waiting for it at the authorized stop. It could have been found that there were some twenty or twenty-five people crowded on the narrow landing, which was three feet, four inches wide, and which was made even narrower by the streetcar's overhang of one foot, nine and three-quarters inches. The jury also could have found that since the car was fully loaded with passengers the operator had no intention of stopping, that contrary to custom he gave no warning but proceeded through the area, and that he did not stop after the accident. Failure to exercise reasonable care could thus have been found, and the jury should have been allowed to pass on the issue. *LaBelle* v. *Boston Elev. Ry.* 265 Mass. 482, 484.

*Exceptions sustained.*

*Sheldon H. Ganz* for the plaintiff.
*Anthony G. Prasinos* for the defendant.

JOHN C. DENTINO'S CASE. November 1, 1971. The reviewing board adopted and affirmed the findings and decision of the single member, it awarded compensation for partial disability for a period. From a final decree of the Superior Court in general accord with the reviewing board's decision the insurer appealed. There was no error. Evidence before the single member was sufficient to permit a finding of the requisite causal connection between the employee's accident at work and his disability. Prior to his injury on April 19, 1968, the employee had been engaged in laborious work without experiencing the type of physical difficulty from which he suffered following the accident. A doctor's report placed before the single member sufficient information to warrant his findings. *Andrade* v. *Correia,* 358 Mass. 786, 788.

*Decree affirmed.*

*Charles M. Crowley, Jr.,* for the insurer.
*John C. Collins* for the employee.