ROBERT G. GILL, individually and as administrator *vs.* NORTH SHORE RADIOLOGICAL ASSOCIATES, INC. September 10, 1980. By this action for medical malpractice the plaintiff seeks to recover damages for the wrongful death of his wife and for injuries sustained by her prior to her death, for loss of consortium, and for consequential medical and funeral expenses. The causes of action arose out of events occurring in early 1973. A jury returned verdicts in favor of the plaintiff on all counts. The judge ordered a remittitur on the loss of consortium count, and the plaintiff assented. The defendant's motions for judgment notwithstanding the verdicts and for a new trial were denied. The defendant appeals from the ensuing judgment.

1. It was not error for the judge to allow the plaintiff to amend his complaint (filed on February 26, 1975) in May, 1978, to add a count for loss of consortium. *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167 (1973). *doCanto* v. *Ametek, Inc.,* 367 Mass. 776, 787 n.11 (1975). See *Deems* v.

*Western Md. Ry.*, 247 Md. 95, 115 (1967); *Millington* v. *Southeastern Elevator Co.*, 22 N.Y.2d 498, 507-508 (1968). The amendment speaks as of the date of the commencement of the action. Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974). See *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 626-627 & n.4 (1977). As the consortium claim arose in 1973, it was not time barred at the time *Diaz* was decided. *Diaz* v. *Eli Lilly & Co.*, *supra* at 167 n.48. Compare *doCanto* v. *Ametek, Inc.*, *supra* at 785-787 & n.11.

2. The judge did not err in allowing the plaintiff's expert witness to express certain medical opinions. Compare *Cooper* v. *Richter*, 8 Mass. App. Ct. 878 (1979). The trial judge "has broad discretion to determine whether an expert witness has a proper basis . . . to render an opinion on a matter in dispute." *Louise Caroline Nursing Home, Inc.* v. *Dix Constr. Corp.*, 362 Mass. 306, 309 (1972). *Worcester* v. *Eisenbeiser*, 7 Mass. App. Ct. 345, 347 (1979). It was not necessary for the plaintiff's medical expert to be a specialist in the area concerned. "[G]iven the evidence concerning [Dr. Barnett's] 'education, training, experience and familiarity' with the subject matter of his testimony, 'we cannot say the trial judge abused [his] discretion.'" *Samii* v. *Baystate Medical Center, Inc.*, 8 Mass. App. Ct. 911 (1979), quoting from *DeJesus* v. *Hamel*, 349 Mass. 764 (1965). Compare *Langis* v. *Danforth*, 308 Mass. 508, 510-511 (1941).

3. It was not error for the judge to refuse to give an instruction on assumption of the risk. There was no evidence to indicate that the decedent "knew and appreciated the risk involved." *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 882 (1978). See Restatement (Second) of Torts § 496D (1965).

4. The defendant's various objections to certain evidentiary rulings do not rise to the level of appellate argument within the meaning of Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). *Trani's Case*, 4 Mass. App. Ct. 857, 858 (1976). In any event, there was no reversible error.

5. Likewise, the defendant's arguments that his motions for a directed verdict and for judgment notwithstanding the verdict should have been allowed are similarly defective. See Mass.R.A.P. 16(a)(4). In addition, they do not raise any question not already disposed of above.

6. As the plaintiff has not appealed from the judgment below, he cannot now question on appeal the judge's remittitur order. "The plaintiff is not entitled to have the orders and rulings of the trial court revised in his favor on the [defendant's] appeal." *Mahoney* v. *Mahoney*, 5 Mass. App. Ct. 720, 726 (1977). See *Kardas* v. *Selectmen of Dedham*, 8 Mass. App. Ct. 184, 187 n.7 (1979). Deciding this point as we do, there is no need to discuss the effect of the plaintiff's assent to the judge's remittitur order.

*Judgment affirmed.*

*John F. Finnerty* (*John F. Finnerty, Jr.*, with him) for the North Shore Radiological Associates, Inc.

*William H. Shaughnessy* for the plaintiff.