Lenhoff, J.
This case involves a tort complaint wherein the plaintiffs seek monetary damages for injuries alleged to have been received by reason of the defendant’s negligent operation of a motor vehicle. The answer denied both liability and damages.
The grievance of the plaintiffs brought before this tribunal is based upon their claim that the Trial Court erroneously excluded evidence they sought to introduce from a licensed chiropractor who treated one plaintiff. A series of questions asked of the chiropractor by the plaintiffs’ attorney regarding his opinion concerning examinations, x-rays, nerve involvement and causation of injury, upon defendant’s objection, were sustained by the Trial Court. This prompted counsel to inquire of the Trial Court the basis for sustaining the objections. The Trial Court voluntarily responded, revealing it held the position that chiropractors cannot give a diagnosis or opinion, but are only permitted to testify as to their bill and the services they performed.
In Commonwealth v. Roy, 2 Mass. App. Ct. 14, 22 (1974), the Court said:—
“It is well settled that it is the duty of the trial judge to determine whether an expert witness is properly qualified. His decision is conclusive unless, upon the evidence, it is erroneous in law.”
In the case of Andrade v. Correia, 358 Mass. 786, 788 (1971), the Court. stated:—
“Dr. Barron was not incompetent to give opinion testimony merely because he is a chiropractor and not a doctor of medicine.”
The Trial Court’s failure to apply the law as declared in Andrade v. Correia, supra, is error precluding the plaintiffs from producing evidence favorable to their complaint. Consequently, we find prejudicial error present, thereby necessitating the granting of a new trial.
Therefore, this matter is remanded to the Trial Court for such new trial. So Ordered.