## Johanna L. Letch *vs.* Arthur A. Daniels, Jr.

Middlesex. September 11, 1987. — November 4, 1987.

Present: Hennessey, C.J., Wilkins, Liacos, Abrams, & Lynch, JJ.

*Negligence*, Dentist. *Witness*, Expert. *Dentist*. *Evidence*, Expert opinion, Offer of proof.

In an action against the defendant, a pedodontist, for dental malpractice in which the defendant's allegedly negligent treatment of the eight year old plaintiff was orthodontic in nature, the judge erred as a matter of law in precluding the plaintiff's expert witness, whose education, training, and practice qualified him as an orthodontist, from testifying to the appropriate standard of care for the plaintiff's course of treatment, solely because he was not a pedodontist. [66-69]

The plaintiff in an action for dental malpractice was not barred on appeal from raising the issue of the admissibility of her expert witness's excluded testimony on the ground that she had failed to make an offer of proof where the trial judge had, in effect, prevented all testimony on the issue, and where the content of the excluded evidence was apparent. [70]

Civil action commenced in the Superior Court Department on September 16, 1982.

The case was tried before *Joseph S. Mitchell, Jr.*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Michael E. Festa* for the plaintiff.

*John F. Finnerty, Jr.*, for the defendant.

Liacos, J. The plaintiff, an unemancipated minor, brought this action by her mother and next friend, Donna Letch, alleging dental malpractice by the defendant, a pedodontist. The defendant is a dentist specializing in the treatment of children's teeth. The defendant's treatment of the plaintiff, a child then about eight years old, involved orthodontia, the specialty of correcting the alignment and positioning of teeth. The plaintiff claims that, as a result of the defendant's negligent treatment, she

developed root resorption in several of her teeth, necessitating years of expensive corrective procedures and the likely loss of the affected teeth.

During the course of the trial, the plaintiff called Dr. Karel Malovany to testify as an expert in orthodontia. Malovany's education, training, and practice qualified him as an orthodontist. The trial judge accepted him as such. Malovany testified about his dental examinations of the plaintiff, about the plaintiff's root resorption problem, and about the apparent causes of her condition. However, the judge precluded the witness from testifying to the appropriate standard of care for the plaintiff's course of treatment, since Malovany was not a pedodontist. Without expert testimony on this issue in evidence, the judge felt compelled to order a directed verdict for the defendant. The Appeals Court, in an unpublished memorandum and order, reversed and ordered a new trial. 23 Mass. App. Ct. 1107 (1987). We granted the defendant's application for further appellate review. We reverse the judgment and remand for a new trial.

*Expert testimony.* The plaintiff argues that it was error for the trial judge to exclude Malovany's testimony regarding the appropriate standard of care solely on the ground that he was not a pedodontist. We agree. Although a trial judge has broad discretion in determining the qualifications of a witness to testify as an expert, his decision will not be upheld if it is erroneous as matter of law. *Louise Caroline Nursing Home, Inc.* v. *Dix Constr. Corp.*, 362 Mass. 306, 309 (1972). Accord *Dorsyl Realty, Inc.* v. *Worcester Redevelopment Auth.*, 357 Mass. 777, 778 (1970).

The issue in this case is not the competence of Malovany as an expert witness. After hearing the witness's credentials as an orthodontist, the judge allowed detailed testimony concerning Malovany's examination of the plaintiff and his expert opinion on the causes of her condition, including opinions based on hypothetical questions.[1] Toward the end of this wit-

---

[1] The defendant at no time challenged Malovany's qualifications as an orthodontic expert. At the outset of the witness's appearance, the defendant

ness's testimony, the plaintiff attempted to elicit an opinion about the requisite standard of care of a pedodontist engaging in specified interceptive orthodontic treatments.[2] The judge sustained the defendant's objection to such testimony. Of his own accord, the judge raised the rationale that the witness could not so testify because he was not a pedodontist.[3] The

---

objected to his testimony solely on the ground that the plaintiff had failed to provide the witness's identity in supplemented interrogatories. See Mass. R. Civ. P. 26 (e) (1) (B), 365 Mass. 772 (1974). The judge declined to rule on the objection at that time. Since the judge erroneously excluded the testimony of the plaintiff's expert on other grounds, this issue is not before us. In any event, preclusion of the expert's testimony is not mandated under rule 26 (e). See *Eagan* v. *Marr Scaffolding Co.*, 14 Mass. App. Ct. 1036 (1982).

[2] The question of the attorney for the plaintiff was as follows:

"Doctor, I ask you an additional opinion as an expert: Assuming all of the facts that you have had before you now, in the last hypothetical question, what is your opinion as to whether or not the undertaking of the interceptive orthodontic treatment involving the processes which you understand to have happened during the period under which it was undertaken, using X rays once before and 26 months later at the end — what is your opinion as to whether that practice fell below acceptable standards of care and skill for a dentist qualified as a pedodontist and engaging in interceptive orthodontic treatment?"

Further efforts by the plaintiff's attorney to elicit the expert's opinion on the issue whether the defendant's treatment fell below the requisite standard of care were, on objection, excluded without explanation.

[3] Immediately after the plaintiff's first standard of care question, the following dialogue ensued:

DEFENSE COUNSEL: "Objection."

THE JUDGE: "I'll sustain the objection. He's not a pedodontist. How is he going to give his opinion?"

The supplemented record, approved by the trial judge pursuant to Mass. R. A. P. 8 (e), as appearing in 378 Mass. 932 (1979), reveals that, during a lobby conference shortly afterward, the judge reemphasized his rationale:

"[The judge] stated that Dr. Malovany was not the appropriate expert to render an opinion in the case. Specifically, [the judge] noted that the Defendant was a pedodontist, that Dr. Malovany was not a pedodontist, and that Dr. Malovany's expertise in orthodontics did not qualify him to testify as an expert as to the standard of care of a pedodontist."

The defendant claims that the judge's supplementation of the record was

judge sustained objections to additional questions addressing the standard of care to be employed by a dentist involved in orthodontia and of a pedodontist undertaking certain enumerated orthodontic processes.

A medical expert need not be a specialist in the area concerned nor be practicing in the same field as the defendant. "It is well established that the professional specialty of a medical practitioner offered as a witness need not be precisely and narrowly related to the medical issues of the case. Thus, it has been held that a judge, in his discretion, properly admitted the opinions of a general practitioner in a case which related to specialized medical issues." *Kapp* v. *Ballantine*, 380 Mass. 186, 192-193 n.7 (1980). Accord *Commonwealth* v. *Boyd*, 367 Mass. 169, 182-183 (1975) (expert need not be a specialist in the field); *Gill* v. *North Shore Radiological Assocs.*, 10 Mass. App. Ct. 885, 886 (1980) (deeming it unnecessary "for the plaintiff's medical expert to be a specialist in the area concerned"); *Samii* v. *Baystate Medical Center, Inc.*, 8 Mass. App. Ct. 911, 911-912 (1979) (approving expert testimony on standard of care in obstetrics from a specialist in internal medicine familiar with subject matter). The crucial issue is whether the witness has sufficient "education, training, experience and familiarity" with the subject matter of the testimony. *Gill, supra. Samii, supra.* See also *Commonwealth* v. *Monico*, 396 Mass. 793, 803-805 (1986) (error to exclude opinion of psychologist on criminal responsibility of a criminal defendant); *Andrade* v. *Correia*, 358 Mass. 786, 788 (1971) (allowing chiropractor to give expert testimony "within the scope of his experience and the limited scope of the permissible practice of a chiropractor").

improper. The defendant's claim is without merit. The decision of the trial judge under rule 8 (e) is usually conclusive. "When a dispute respecting the record is submitted to the . . . court, its determination is conclusive, absent a showing that the . . . court has intentionally falsified the record." *Bechtel* v. *Paul Clark, Inc.*, 10 Mass. App. Ct. 685, 693 (1980), quoting 9 Moore's Federal Practice par. 210.08[1], at 10-48 (2d ed. 1980). Accord *Commonwealth* v. *Nighelli*, 13 Mass. App. Ct. 590, 598 (1982) (regarding "trial judge's correction as essentially conclusive" under rule 8 [e]). Cf. *Commonwealth* v. *Flanagan*, 17 Mass. App. Ct. 366, 369 n.3 (1984).

Malovany's expert testimony was particularly appropriate here, since his expertise was in the very field at issue. The defendant's allegedly negligent treatment was orthodontic in nature. In such circumstances, it was error to exclude Malovany's opinion regarding the appropriate standard of care on the ground that he has a different specialty from that of the defendant. His training and experience as an orthodontist, rather than a pedodontist, goes to the weight accorded his testimony but not to its admissibility. See *Commonwealth* v. *Schulze*, 389 Mass. 735, 740 (1983) (permitting general practitioner to testify, based on personal observation, to defendant's mental condition, and noting that "[t]he extent of his training and experience would bear only on the weight that should be given to his testimony").

Although the defendant now claims that familiarity with the standard of care in the Commonwealth is required in medical malpractice cases,[4] this issue is not before the court. The defendant made no objection on this ground at trial.[5] Thus, the record is bereft of any showing regarding Malovany's knowledge of Massachusetts standards of care for orthodontic treatment. The issue is one properly for the trial judge's determination on retrial.

---

[4] See *Brune* v. *Belinkoff*, 354 Mass. 102, 109 (1968) (rejecting the local community rule for the broader rule "whether the [dentist] . . . has exercised the degree of care and skill of the average qualified practitioner, taking into account the advances in the profession"). See also *Harnish* v. *Children's Hosp. Medical Center*, 387 Mass. 152, 153-154 (1982). Cf. *Halley* v. *Birbiglia*, 390 Mass. 540, 543 n.4 (1983) (indicating that, at least in medical malpractice tribunal, expert need not be licensed in this Commonwealth).

[5] Additionally, the defendant's brief contains only a passing reference to the issue of the qualification of Malovany to testify to the standard of care: "[The judge] was certainly well within his power when he decided to exclude Dr. Malovany's opinion testimony in this case, the testimony of a non-Board Certified orthodontist from Connecticut who provided not a scintilla of evidence that he was knowledgeable with regard to the standard of care required during the years in question of a pedodontist practicing in Massachusetts." However, the next sentence underscores that the main thrust of the defendant's argument concerned dental specialization: "[T]hat familiarity [with orthodontia] would have been totally distinct from any knowledge . . . of the standard of care required of *pedodontists* performing said procedures" (emphasis in original). This scanty assertion fails to constitute argument as required by Mass. R. A. P. 16 (b), 365 Mass. 860 (1974).

*Offer of proof.* The defendant argues that, regardless of the admissibility of Malovany's excluded testimony, the plaintiff is barred on appeal from raising the issue because of a failure to make an offer of proof. See Mass. R. Civ. P. 43 (e), 365 Mass. 806 (1974). While an offer of proof is preferred, it has not been required in circumstances where, as here, a judge has excluded completely all of a witness's testimony on a particular issue. "No offer of proof, of the evidence expected in answer to a question asked on direct examination, has been required in certain cases where the trial judge in effect has treated the witness as not qualified to testify at all on a particular issue or has prevented all testimony on that issue." *Ford* v. *Worcester*, 339 Mass. 657, 659 (1959). Accord *Ratner* v. *Canadian Universal Ins. Co.*, 359 Mass. 375, 385 (1971) ("an offer of proof has not always been required where the trial judge has prevented all testimony on a particular issue").

While the better practice would have been to make an offer of proof regarding Malovany's expected testimony, the judge's statements and his actions in sustaining the several defense objections made it clear that he would have excluded the witness's substantive testimony on an appropriate standard of care on the erroneous ground of lack of specialization. It is inherent in medical malpractice cases that the plaintiff's expert, when questioned about the appropriate standard of care, will testify favorably to the plaintiff. That is the reason for his testimony. The purpose of an offer of proof is to show an appellate court that the proponent had been prejudiced by the exclusion of offered evidence. *Holmgren* v. *LaLiberte*, 4 Mass. App. Ct. 820 (1976). P.J. Liacos, Massachusetts Evidence 78 (5th ed. 1981 & Supp. 1985). Where the content of the excluded evidence is apparent, the strict necessity for an offer of proof is obviated.

The judgment is reversed, and the case remanded for a new trial.

*So ordered.*