CHARLES RIVER MORTGAGE COMPANY, INC. vs. THE
BAPTIST HOME OF MASSACHUSETTS, INC., & another.[1]

No. 92-P-1338.

Suffolk. December 15, 1993. - March 25, 1994.

Present: SMITH, PORADA, & GREENBERG, JJ.

*Contract*, Construction of contract, What constitutes. *Evidence*, Extrinsic
affecting writing, Offer of proof. *Frauds, Statute of*.

In an action arising from an agreement under which the plaintiff, a mort-
gage banker, had been given the right to provide the defendants with
financing for a nursing home, the judge erred in excluding evidence of
the parties' negotiations and circumstances attending their execution of
a loan commitment letter to determine if the written loan commitment
was an integrated agreement and, where it appeared from the judge's
findings and rulings that, absent evidence of an allegation of fraud or
ambiguity in the agreement, she would have excluded all evidence ex-
trinsic to the written agreement, the plaintiff's failure to make an offer
of proof that would have established an oral agreement that the only
financing to be pursued by the defendants was that set forth in the
written commitment letter was not fatal to the plaintiff's appeal [279-
280]; moreover, where the written agreement was ambiguous, parol evi-
dence of the parties' negotiations of the loan commitment should have
. been admitted to explain its meaning [280-281], and where the plaintiff
was not acting for a third party, but for itself, § 7 of G. L. c. 259, the
Statute of Frauds, was inapplicable [281-282].

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 3, 1990.

The case was heard by *Elizabeth B. Donovan*, J.

*Leonard M. Singer* for the plaintiff.

*Loyd M. Starrett* for the defendants.

PORADA, J. The plaintiff filed suit in the Superior Court
against the defendant Evanswood Bethzatha Corporation
(Evanswood) for breach of contract and against Evanswood's

[1]Evanswood Bethzatha Corporation.

parent corporation, The Baptist Home of Massachusetts, Inc. (Baptist), for intentional interference with a contractual relationship and against both defendants for quantum meruit and for a violation of G. L. c. 93A, § 11. After a jury-waived trial, the Superior Court judge entered judgment for the defendants. The plaintiff appeals claiming that the judge committed reversible error in excluding evidence of the parties' negotiations prior to the execution of the written loan agreement to demonstrate that that document was not a complete expression of the parties' agreement. We agree and reverse.

We summarize the pertinent facts that are not in dispute. The plaintiff is a mortgage banker approved by the Federal Housing Administration of the Department of Housing and Urban Development (HUD/FHA) to make loans for health care and multi-family housing projects. The defendants are nonprofit corporations who operate a retirement community, providing various levels of care for senior citizens, in Kingston. The defendants wished to construct a nursing home on their premises and began working with the plaintiff to obtain financing for the project. On January 13, 1988, the parties executed a written agreement which gave to the plaintiff the exclusive right to provide financing through the issuance of tax-exempt bonds by the Massachusetts Industrial Finance Agency to be insured by HUD/FHA mortgage insurance. If this financing was provided the plaintiff was to be paid an initial financing fee in an amount equal to two percent of the face amount of the note. This agreement also provided that the defendants had the right to obtain taxable financing not insured by HUD/FHA from another source but, if they did so, they had to give the plaintiff the opportunity to provide financing for the project upon terms at least as favorable as those offered by the other source and, if the defendants failed to do so, the defendants were obligated to pay to the plaintiff $150 an hour up to a maximum of $10,000 for services performed on this project.

The plaintiff's attempt to secure HUD/FHA insurance ran into a snag. The plaintiff secured a commitment from HUD/

36 Mass. App. Ct. 277                                        279

Charles River Mortgage Co. *v.* The Baptist Home of Mass., Inc..

FHA for mortgage insurance contingent upon a division of the defendants' property into two lots, one for the nursing home and the other for an already existing retirement home. This change was unacceptable to the defendants because they wished to erect a single water treatment facility to serve both facilities and would be prohibited by State environmental regulations from doing so if they subdivided their property. As a result, the defendants began to pursue alternate forms of financing from sources other than the plaintiff and succeeded in obtaining tax-exempt financing from another source which was not insured by HUD/FHA mortgage insurance. By doing so, the plaintiff claims Evanswood breached its agreement with it and Baptist intentionally interfered with that agreement.

The plaintiff bases its claim on the ground that the parties had orally agreed that the only financing to be pursued by the defendants was that set forth in the written commitment letter, namely tax-exempt financing insured by HUD/FHA mortgage insurance or taxable uninsured financing. The defendants, on the other hand, claim that their written contract expressed the complete agreement of the parties and that there was nothing in the agreement which required them to pay compensation to the plaintiff if they secured tax-exempt financing which was not insured by HUD/FHA insurance.

"[E]vidence of the contract negotiations and the circumstances of its execution are always admissible to show whether the contract was intended by the parties as an integrated (i.e. final) expression of the terms of their agreement or to show the existence of any uncertainties in the contract's application." *Fred S. James & Co.* v. *Hoffmann*, 24 Mass. App. Ct. 160, 163 (1987). Under this well-established principle, the judge should have allowed evidence of the parties' negotiations and circumstances attending the execution of the commitment letter dated January 13, 1988, to determine if the written loan commitment was an integrated agreement. *Antonellis* v. *Northgate Constr. Corp.*, 362 Mass. 847, 849 (1973).

While the defendants really do not dispute this principle, they argue instead that the plaintiff failed to make an offer of proof that would have established the existence of an oral agreement that the defendants would not pursue non-HUD/ FHA tax-exempt financing. When the trial judge ruled that she would not admit any evidence of the parties' negotiations prior to the execution of the commitment letter, the plaintiff's only response was to offer a July 10, 1987, letter from the plaintiff to the defendants outlining different forms of financing, which did not establish the oral agreement alleged by the plaintiff. This offer of proof was made by the plaintiff at the judge's invitation to preserve the plaintiff's "appellate rights" on the issue.[2] Thereafter, the plaintiff made no other offer of proof that could be construed as demonstrating that there was an agreement that the defendants would pursue only the financing specified in the agreement. Nevertheless, the plaintiff's failure to do so is not fatal to its claim on appeal. *Ratner* v. *Canadian Universal Ins. Co.*, 359 Mass. 375, 385 (1971). *First National Bank Ltd.* v. *Shawmut Bank of Boston, N.A.*, 378 Mass. 137, 141 (1979). Although the plaintiff might better have made a detailed offer of proof concerning the excluded evidence to establish the oral agreement he now contends existed, an offer of proof has not been required where a judge excludes all testimony on a particular issue. *Ratner* v. *Canadian Universal Ins. Co.*, 359 Mass. at 385. *Letch* v. *Daniels*, 401 Mass. 65, 70 (1987). Since it would appear from the judge's findings and rulings that, absent evidence of an allegation of fraud or ambiguity in the agreement, she would have excluded all extrinsic evidence beyond the written agreement, the absence of an offer of proof is not fatal to the plaintiff's appeal. *Ibid.*

The defendants argue alternatively that, even if the plaintiff had made a proper offer of proof of the existence of the alleged oral agreement, the judge's ruling which excluded ex-

---

[2]We reject the defendants' contention that the issue of the integration of the written commitment letter was not raised by the plaintiff in the trial court. We consider the issue sufficiently preserved for appellate review by the record below and point to the trial judge's specific ruling on the issue.

trinsic evidence beyond the written commitment letter was correct, because by this evidence the plaintiff sought to vary the express terms of an unambiguous agreement. Here again, we think the defendants' argument fails. The defendants base their argument on that provision in the written loan agreement which reads as follows: "[I]t is understood that [Evanswood] may elect to obtain conventional mortgage financing (or any other kind of financing which is not tax exempt or supported by HUD/FHA insurance) for the Project at any time and through any agent and in such circumstances shall not be obligated to pay any commissions or other fees or expenses except as otherwise provided in this Agreement." The defendants claim this clause permits them to obtain taxable and tax-exempt financing which is not HUD/FHA insured from other sources. The plaintiff claims that this clause permits the defendants to obtain only taxable financing which is not HUD/FHA insured from other sources. We think the plaintiff's reading makes more sense. In any event, since the clause at best appears to be ambiguous, parol evidence of the parties' negotiations of the loan commitment should have been admitted to explain the meaning of this clause. *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 723-724 (1977). Moreover, contrary to the judge's ruling, the language of a contract need not be ambiguous on its face in order that extrinsic evidence may be admitted. "When the written agreement, as applied to the subject matter, is in any respect uncertain or equivocal in meaning, all the circumstances of the parties leading to its execution may be shown for the purpose of elucidating but not for contradicting or changing its terms." *Robert Indus. Inc.* v. *Spence*, 362 Mass. 751, 753-754 (1973). *Keating* v. *Stadium Mgmt. Corp.*, 24 Mass. App. Ct. 246, 249-252 (1987).

Finally, the defendant argues that the agreement of the parties, although purporting to be a contract for a mortgage, is really a brokerage contract and that therefore any oral agreement that may have existed is barred from enforcement by the Statute of Frauds, G. L. c. 259, § 7, inserted by St. 1984, c. 321. Section 7 covers "[a]ny agreement to pay com-

pensation for services as a broker or finder or for service rendered in negotiating a loan . . . ." We deem this provision inapplicable to this transaction. Here, the plaintiff was not acting for a third party, but for itself. It was to be the mortgagee or the lender. The procurement of mortgage insurance from HUD/FHA by the plaintiff would not alter the parties' relationship. Obtaining such insurance amounts to no more than securing a guaranty for the loan and does not constitute negotiating a loan for a third party.

*Judgment reversed.*