Aguiar, J.
In this action plaintiff seeks to recover for a loan he allegedly made to defendant Paul DiCenso (“DiCenso”) and defendant Dental Horizon, Inc. (“Dental”). The court excluded plaintiffs offered evidence of a loan, ruling that the parol evidence rule precluded all such evidence. Plaintiff now appeals to this division from the court?s finding for the defendants. We vacate the judgment and remand for a new trial.
Plaintiffs version of the facts is as follows:[2] In November 1981 the defendant DiCenso, plaintiffs then brother-in-law, asked him for a loan. At the time, DiCenso was a principal in Dental, which was a new business. The purpose of the loan was to help pay start-up costs to get Dental’s business going. DiCenso said he would repay the loan when (and if) the corporation became “established.”
As a further inducement for plaintiff to make the loan DiCenso agreed to secure it by a pledge of “Small Business Stock” which Dental would issue pursuant to section 1244 of the Internal Revenue Code. Pursuant to this section, if a loss is incurred on “small business stock” (also called “Section 1244 stock”) the loss is *140 treated as an ordinary loss fully deductible against ordinary income. Thus, if the business never became established and the loan was never repaid, the plaintiff would be entitled to a valuable tax deduction which he could apply to offset ordinary income.
Plaintiff agreed to lend $50,000 to DiCenso; one-half of the loan was made in the name of Gail Spileos (“Gail”), plaintiffs then wife, the other one-half in plaintiffs name. In this regard, DiCenso and Dental had plaintiff and Gail sign a letter relating to the small business stock (the “written agreement”).
Plaintiff and Gail were divorced in 1982. In 1987 DiCenso paid his sister $25,000 and redeemed the stock that secured the portion of the loan that was in her name. DiCenso refuses to redeem the stock in plaintiffs name. He takes the position that there was no loan, that plaintiff merely purchased an equity interest in Dental and has no right to expect any repayment.
At the trial the parties agreed that the clerk of Dental had sent a letter to plaintiff and that plaintiff had signed and returned it pursuant to the clerk’s request. In relevant part, the letter reads as follows:
Dear Mr. Spileos:
In accordance with the above plan the Corporation offers to sell to you shares of common stock of this Corporation in the number and at the price above indicated.
Please sign this letter to indicate your acceptance of this offer, and return it to the Corporation. The copy of this letter enclosed herewith is to be retained by you for your records.
Please keep the copy of this letter together with the stock certificate issued to you so that in the event of loss on the sale or exchange of the stock certificates you will have a reminder to report the loss as an “ordinary loss” instead of as a “capital loss” on your personal income tax return.
Very truly yours,
S/
Edward A Shapiro, Clerk
ACCEPTANCE: I hereby accept the offer hereinabove stated. S/
Evans N. Spileos
The defendant argued that the aforementioned written agreement showed that the transaction was a sale of stock, not a loan, and that the parol evidence rule barred the introduction of any evidence which tended to show that the transaction between plaintiff and defendant was other than a purchase and sale of stock. The plaintiff argued that he should be allowed to introduce evidence that the written agreement which he signed was not an integrated document and was not intended to set forth the entire agreement between the parties. The judge accepted the defendant’s position. He ruled that the written agreement was not ambiguous and there was no allegation of fraud. Therefore, he ruled, no evidence could be admitted which would tend to show that the written agreement was not intended to express the parties’ entire agreement or that the transaction was other than a sale of stock.
The parol evidence rule has been stated as follows: Where a writing appears to express the entire transaction or agreement entered into between the parties thereto, extrinsic evidence of prior or contemporaneous oral or written representations will not be admissible to vary, alter, or control the written agreement. HUGHES, EVIDENCE, §421 (1961). However, before the parol evidence rule comes into operation, the court must be certain that it has before it a written contract intended by the parties as a statement of the complete agreement. Kelly v. Arnold, 326 Mass. 611, 615 (1950).
In order to be certain that the written agreement is the complete agreement, *141 “evidence of the contract negotiations and the circumstances of its execution are always admissible to show whether the contract was intended by the parties as an integrated (i.e. final) expression of the terms of their agreement or to show the existence of any uncertainties in the contract’s application.” Fred S. James & Co. of New England, Inc. v. Hoffmann, 24 Mass. App. Ct. 160, 163 (1987). Charles River Mortgage Co. v. The Baptist Home of Mass., Inc., 36 Mass. App. Ct. 277, 279 (1994). Under this well established principle, the judge should have allowed evidence of the parties’ negotiations and circumstances attending the execution of the agreement to determine if it was an integrated agreement. Antonellis v. Northgate Construction Corp., 362 Mass. 847, 849 (1973). Supra, Charles River Mortgage Company, Inc. at 279. The alleged agreement of defendants to reacquire the stock is supplemental to, and not in conflict with, the written agreement for the sale of stock.
In any event, the parol evidence rule does not apply to plaintiff’s claim against defendant DiCenso because there is no written agreement between them. The only written agreement is between plaintiff and the defendant corporation. Parol evidence cannot be said to vary the terms of a written agreement when a written agreement does not exist. Non-parties to a written agreement are not bound by the parol evidence rule. United Carr. Inc. v. Cambridge Redevelopment Authority, 362 Mass. 597, 601, 602 (1972).
Judgment is vacated and the case is remanded for a new trial.
So ordered.

Although the plaintiff might better have made a detailed offer of proof concerning the excluded evidence to establish the oral agreement he now contends existed, an offer of proof has not been required where a judge excludes all testimony on a particular issue. Ratner v. Canadian Universal Ins. Co. Ltd., 359 Mass. 375, 385 (1971). Letch v. Daniels, 401 Mass. 65, 70 (1987). Charles River Mortgage Co. v. The Baptist Home of Mass., Inc., 36 Mass. App. Ct. 277, 280 (1994).