Rutberg, J.
This appeal arises from the entry of summary judgment for defendant-appellee [hereinafter “Enterprise”] in an action commenced by a passenger [plaintiff-appellant, hereinafter “Johnson”] injured in an automobile operated by Enterprise’s lessee [Shema Harris, hereinafter “Harris”]. Johnson’s injuries occurred on December 7, 1998, when Harris was involved in a two-car collision with another car that was operated by Fred A West Johnson commenced a civil action against Harris and Enterprise in the East Brookfield District Court to recover damages arising from his injuries. The East Brookfield litigation ended when Johnson received a payment of $12,500.00 in return for his execution and delivery of a “Release of All Claims” running in favor of Harris and Enterprise; the release was dated February 24, 2000. Apart from the East Brookfield litigation, Johnson also filed suit against Enterprise in the Westborough District Court claiming unpaid medical expenses allegedly due Johnson pursuant to the Personal Injury Protection [hereinafter TIP”] provisions of G.L.c. 90, §34M. Having received abroad form release from Johnson, Enterprise moved for summary judgment in the Westborough case, and Enterprise’s motion was allowed by that Court on May 23,2000. Johnson now appeals the entry of summary judgment
Both parties agree that summary judgment should be granted when it appears from the pleadings and other papers properly before the court that there is no genuine issue as to any material feet Mass. R Civ. E, Rule 56(c); Community National *102 Bank v. Dawes, 369 Mass. 550 (1976). The instant case is for recovery of medical expenses which Johnson allegedly incurred in the motor vehicle accident; and, the release which he executed specifically releases Enterprise:
... from any and all claims, actions, causes of action ... damages ... expenses and compensation whatsoever... growing out of any and all ... foreseen and unforseen (sic) bodily and personal injuries... resulting or to result from the accident, casually or event which occurred on or about the 7th day of December, 1998....
The release was presented to the trial court properly, and Johnson presented no material which might question its enforceability.
In support of his opposition to Enterprise's motion, Johnson claims that the release was not intended to cover his potential claim for PIP coverage; however, Johnson is precluded from offering evidence that might defeat the release through the operation of the parol evidence rule. “Where the terms of a written release are clear, unequivocal and unambiguous, evidence may not be received to change its content or show a different agreement or to create an ambiguity.” Jancsy v. Hy-Land Realty, 58 Mass. App. Div. 152, 157 (1976), [citing Sherman v. Koufman, 349 Mass. 606 (1965); Governor Apartments, Inc. v. Carney, 342 Mass. 351 (1961)]. Johnson has neither pleaded nor otherwise asserted any exception to the parol evidence rule which might apply to this matter.[1]
Therefore, the entry of summary judgment by the trial court is hereby affirmed. Kourouvacilis v. General Motors Corporation, 410 Mass. 706 (1991).

 In his brief, Johnson somewhat flippantly states: “The problem with the ruling of the District Court is that it ignores the fact that the intent of the parties at the time of the negotiation and execution of the Release is different” To paraphrase, we note that the problem with Johnson’s argument is that it ignores the fact that the parol evidence rule forbids the court from looking to the intent of the parties.