Greco, J.
This is a Dist/Mun. Cts. RAD.A, Rule 8C, appeal by defendant DiGiorgio Corporation, doing business as White Rose Dairy (“White Rose”), of the entry of summary judgment in favor of plaintiff Regco Corporation (“Regco”) on that count of its complaint which alleged breach of contract
Regco alleged that White Rose sent it a purchase order for a thousand cases of pita chips; that pursuant to the terms of that order, Regco prepared and shipped the goods; that White Rose agreed to pay $22,000.00 for the chips; and that White Rose received the chips, but refused to pay for them. These allegations were supported by the materials Regco submitted with its motion for summary judgment
The materials submitted by White Rose in opposition to summary judgment presented a very different scenario. White Rose contended that it is in the business of distributing products to supermarkets, that A & P is one of its clients, that the transaction for the pita chips was between Regco and A & P, that the chips were to be sold at A & P stores in New York and New Jersey, and that A & P had instructed Regco to contact White Rose simply to arrange for the transportation of the chips from its facility to White Rose’s warehouse in New Jersey from where they would be subsequently delivered to the supermarkets. White Rose does not dispute that it prepared a purchase order which indicated that White Rose was the entity to he billed and which did not mention A & P at all However, the purpose of the purchase order, White Rose asserts, was merely to memorialize and confirm the agreement between Regco and A & P.
It is undisputed that the chips were delivered to White Rose’s warehouse. Barbara Brown, White Rose’s Merchandising Coordinator, filed an affidavit indicating that after the goods were unloaded, she contacted A & P to request proper bar, price and vendor codes. At that point, A & P informed Brown that it was to receive the chips “free” of charge. Brown relayed this information to Regco. When Regco contacted A & P, the latter affirmed that the goods were to be free and Regco could “take it or leave it” Regco then instructed White Rose to return the goods to its Massachusetts facility. Regco contends that when received, the chips were irreparably damaged and “nonsaleable.”
1. To defeat Regco’s motion for summary judgment White Rose had to “advance ‘enough countervailing details to demonstrate that material facts exist which, taken for our purposes as true,’ constituted an issue of fact requiring a trial *191 on the merits.” Chapian v. Car Wash Systems, Inc., 1995 Mass. App. Div. 167, 169, quoting from Community Nat’l Bank v. Dawes, 369 Mass. 550, 556-557 (1976). On this appeal, White Rose contends that the summary judgment materials discussed above satisfied that burden. Regco disagrees, arguing that the allegations set forth in White Rose’s Rule 56 materials are irrelevant because the purchase order constituted a valid contract between Regco and White Rose, that White Rose breached that contract, and that those facts are dispositive of this case. In granting summary judgment, the trial judge agreed with Regco, ruling that
The purchase order contains the agreement between defendant, White Rose and plaintiff, Regco. The plaintiff complied with the terms of the contract, the defendant refused to pay. While the plaintiff attempted to mitigate its damages by calling for the return of the pita chips as soon as it learned the defendant refused payment, it was unsuccessful, as the chips were returned crushed and unusable.
This ruling was premised on the trial judge’s prior ruling that the parol evidence rule would preclude consideration of the allegations in White Rose’s summary judgment submissions because testimony which explained or contradicted the unambiguous purchase order drafted by White Rose would have been inadmissible.
While it “is familiar law that evidence is not admissible to vary, contradict or add to the terms of a contract reduced to writing by the parties,” Western Newspaper Union v. Dittemore, 264 Mass. 74, 77 (1928),
evidence of the contract negotiations and the circumstances of its execution are always admissible to show whether the contract was intended by the parties as an integrated (Le., final) expression of the terms of their agreement or to show file existence of any uncertainties in the contracts application.
Fred S. James & Co. v. Hoffman, 24 Mass. App. Ct. 160, 163 (1987), quoted in Charles River Mortgage Co. v. The Baptist Homes of Mass., Inc., 36 Mass. App. Ct. 277, 279 (1994). See also Fillion v. Cardinal, 2000 Mass. App. Div. 284, 287. Thus
[t]he rule that written agreements may not be varied or added to by parol evidence of antecedent or contemporaneous negotiations is not one merely of evidence, but is a rule of substantive law ... Before that rule comes into operation, however, the court must be sure that it has before it a written contract intended by the parties as a statement of their complete agreement (Citations omitted).
Sound Techniques, Inc. v. Hoffman, 50 Mass. App. Ct. 425, 429 (2000), quoting from Kesslen Shoe Co. v. Philadelphia Fire & Marine Ins. Co., 295 Mass. 123, 129 (1936).
In the case at bar, there was a genuine factual dispute about what the trial court “ha[d] before it” White Rose should have the opportunity at trial to show that it was not a principal to this transaction, just a middle-man; that the transaction was between Regco and A & P; and that the purchase order was not a contract, but a method for White Rose to keep a record of the matter. While the parol evidence rule would preclude White Rose from presenting evidence to vary the terms of the purchase order, if White Rose was xdtimately found to be a principal, the rule would not have such an affect on the threshold inquiry of whether the order was a contract between White Rose and Regco.
Accordingly, the allowance of summary judgment for Regco on its contract count against White Rose is reversed, and the matter is returned to the Haverhill Division for trial.
So ordered.