Coven, J.
This is a Dist/Mun. Cts. R. A. D. A, Rule 8B, appeal by the defendant-insured of summary judgment in favor of the plaintiff-insurer on its claim for reimbursement for insurance payments made to the defendant for the total loss of her automobile. The plaintiff contended that the defendant obtained a second payment for the same loss in the settlement of an independent civil action she subsequently brought against the tortfeasor.
On August 2,1995, defendant Maureen Cremin was involved in a horrific automobile accident in which her car and a second passenger vehicle were both struck by a construction truck on Route 93 in Londonderry, New Hampshire. The truck driver was at fault in causing the accident Four people in the second passenger vehicle were killed. The defendant’s two young children, traveling with her in her car, suffered serious physical and psychological injuries. The defendant also sustained injuries and her automobile was declared a total loss. Pursuant to the terms of her standard Massachusetts automobile liability policy issued by plaintiff Travelers Insurance Company (“Travelers”), the defendant filed a claim with Travelers for property loss. On December 11,1995, Travelers paid the defendant $19,425.00 for the loss of her vehicle, and later recovered $5,300.00 of that amount in salvage proceeds.
Within a week of receiving the insurance payment for her property loss, the defendant filed a civil action against the truck driver and the trucking company which employed him. After extensive negotiations with Commercial Union Insurance Companies (“Commercial”), the insurer which represented both the driver and the trucking company, a settlement was reached. On June 5,1996, the defendant executed a “Release of All Claims” (the “Release”) which, by its terms, discharged the driver, the trucking company and Commercial “from any and all actions, causes of action, claims, demands, liability, suits, controversies, proceedings, expenses, property damage and from all other rights, demands, damages and liabilities of any kind or nature.” In exchange for the Release, the defendant received $65,582.96. That amount was paid in two checks, each of which was accompanied by an explanation of payment dated June 12,1996. The explanation of payment for the first check, in the amount of $5,582.96, indicated that the check was for “FULL AND FINAL SETTLEMENT OF SUBSTITUTE CAR (RENTAL) CLAIM.” The explanation for the second check, in the amount of $60,000.00, stated that the check was for “FULL AND FINAL SETTLEMENT OF ALL BODILY INJURY CLAIMS.” The defendant also signed releases on behalf of her two minor children which discharged the truck driver, trucking company and Commercial.
Subsequent to the execution of the Release, Travelers sent Commercial notice of its subrogation claim. Commercial responded by informing Travelers of the *22 defendant’s Release, which was the first time Travelers heard of the Release. Travelers commenced this action against the defendant on July 15,1999.[1]
Travelers moved for summary judgment on the grounds that the defendant received compensation for her property loss from both Travelers and Commercial, and that the defendant’s release of the truck driver, trucking company and Commercial was executed in derogation of Travelers’ subrogation rights. In opposition to Travelers’ Mass. R Civ. P., Rule 56, motion, the defendant contended that the explanation of payment statements rendered it clear that she did not receive any money from Commercial for the property damage for which she had already been compensated by Travelers, that Travelers assumed the risk by not timely notifying Commercial of its subrogation rights, and that there remained an issue of fact as to whether Commercial had notice of Travelers’ subrogation rights. With respect to the last point the defendant contended that if Commercial did in fact have notice of Travelers’ subrogation rights, her release of Commercial did not impair or affect those rights. Travelers’ Rule 56 motion was allowed, and judgment was entered in its favor in the amount of $19,425.00, plus interest and costs.
Summary judgment is appropriate only where the moving party has demonstrated that “there is no genuine issue of material fact and... viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law.” Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001). See also Hiles v. Episcopal Diocese of Mass., 51 Mass. App. Ct. 220, 235 n.4 (2001). The record indicates that Travelers Med to satisfy its burden of establishing the absence of any tactual dispute which would require a trial on the merits in this case.
1. The first factual issue unresolved on the record before us is whether Commercial had knowledge of Travelers’ subrogation rights at the time the defendant executed the Release. As the defendant correctly contends, Travelers’ claim in this case against the defendant for impairing its subrogation rights against Commercial by executing the Release necessarily fails if Commercial knew of Travelers’ rights at the time the Release was signed. The general rule against claim splitting precludes an insurer from bringing a subrogation suit against a tortfeasor where the insured has already obtained a recovery against the tortfeasor. Liberty Mut. Ins. Co. v. National Consolidated Warehouses, Inc., 34 Mass. App. Ct. 293, 296-297 (1993).[2] However, as the Appeals Court held in Liberty Mut. Ins. Co., an exception to the rule against claim-splitting applies to an insurer-subrogee’s enforcement of its rights against a settling tortfeasor who obtains a release from the injured-insured without the knowledge or participation of the subrogee. The Court stated:
*23 [W]hen a tortfeasor, aware of an insurer’s rights, settles with the insured without the insurer’s involvement, ‘the tortfeasor either waives his right to invoke or is estopped to rely upon the rule [against claim-splitting] as a defense to an action by the nonconsenting insurer as subrogee. Under such circumstances the settlement is regarded as having been made subject to and with a reservation of the rights of the insurer, and the tortfeasor is deemed to have consented to a separation of the rights of the insured and the insurer...’
Id. at 297. In support of this proposition, the Appeals Court cited Gibbs v. Hawaiian Eugenia Corp., 966 F.2d. 101, 107 (2d. Cir. 1992) (“Where a third party obtains a release from an insured with knowledge... of the existence of the insurer’s subro-gation rights, such a release does not bar the right of subrogation of the insurer”). See also Hart v. Western Rail Road Co., 54 Mass. (13 Met.) 99 (1847).
We reject Travelers’ contention that Liberty Mutual Ins. Co. is inapposite because there existed in that case an express reservation by the parties to the settlement that the release signed by the insured would not affect the rights of the insurer to enforce its subrogation claim against the defendants. The reservation in question does not alter the application of the principle enunciated by the Court to the facts of this case. Essential to the Court’s analysis and relevant here is the tort-feasor’s knowledge, or that of his insurer, of the existence of subrogation rights.
The parties’ Rule 56 materials were sufficient to raise at least a question of fact as to Commercial’s knowledge or awareness of Travelers’ subrogation rights. The explanation of payment statements which accompanied the checks issued to the defendant by Commercial are devoid of any reference to property damage, and expressly covered bodily injury and car rental claims only. Travelers argues that the parol evidence rule would bar the admission of the explanation statements as evidence of what was released, or intended to be released, by the defendant[3] It is undisputed that the Release covered “property damage” claims against the truck driver, trucking company and Commercial. “Where the terms of a written release are clear, unequivocal and unambiguous, evidence may not be received to change its content or show a different agreement or to create an ambiguity.” Johnson v. Enterprise Rent-A-Car Co. of Boston, Inc., 2001 Mass. App. Div. 101, 102. However, the explanation of payment statements are not offered by the defendant to interpret the Release or otherwise alter, vary or modify its terms. The statements serve the additional purpose, not violative of the parol evidence rule, of supporting an inference of knowledge by the truck driver, the trucking company and Commercial of Travelers’ subrogation claim for the property damage payment made to the defendant
The Release signed by the defendant was one of three that were executed. Total compensation paid to obtain all three releases was $125,582.96. Given the nature of the accident and the extent of the bodily injury claims, the inference is inescapable that Commercial knew that automobile property damage must have been an essential component of the defendant’s claims. Travelers concedes as much in referring to the defendant’s claim for “severe property damage” in her complaint against the truck driver and trucking company. Yet, as noted, the explanation of payment statements expressly pertain solely to substitute car rental and bodily injury claims, and are devoid of any reference to “property damage.” Based on the *24 explanation statements, as well as the extensive settlement negotiations and the sophistication of the parties released, an inference arises that Commercial knew that it was not compensating the defendant for the full extent of her damages and that her insurer had a subrogation claim for any property damage payments made to her. However one may view the strength of the inference, it is sufficient on summary judgment to raise a genuine issue of fact as to Commercial’s knowledge, which would render applicable the principles discussed in Liberty Mutual Ins. Co., supra.
2. A second material question of fact exists as to recovery of damages herein. The defendant’s insurance policy states, in pertinent parti
Sometimes you or someone else may recover money from the person legally responsible for an accident and also receive money from us for the same accident If so, the amount we paid must be repaid to us to the extent that you or someone else recovers.
Travelers contends that the defendant received from Commercial payment for the property damage claim for which it also made payment, and that it is entitled to recover in this action against the defendant only to the extent of the defendant’s receipt of a duplicate or matching properly damage payment by Commercial. The dispositive issue in dispute in this case, however, is the nature of the compensation received by the defendant from Commercial. That issue of material fact was one inappropriate for resolution by summary judgment.
3. Although not addressed by the defendant, we note that there exists a problem with the dollar amount of the damages awarded to Travelers. Although Travelers actually paid the defendant $19,425.00 on her property loss claim, Travelers recovered $5,300.00 in salvage proceeds. Acknowledging the salvage recovery, Travelers’ summary judgment motion sought only $14,125.00 in damages. The entry of summary judgment in the amount of $19,425.00 was incorrect. Should Travelers prevail at trial, its damages would be restricted to $14,125.00, plus interest and costs.
Summary judgment for plaintiff Travelers Insurance Company is hereby vacated, the allowance of Travelers’ motion for summary judgment is reversed, and this case is returned to the Peabody Division for trial.
So ordered.

 It would appear that as of that date, any subrogation suit which Travelers might have brought against Commercial would have been barred by the statute of limitations. G.L.c. 260, §2A

 “When an insurer pays an insured’s claim under its insurance contract, the insurer succeeds to any right of action the insured may have against the parties allegedly responsible for the loss, [citations omitted.] If an insurer has paid the insured for the entire loss, it may bring an action, either in its own name or as sub-rogee, on behalf of the insured against a third party whose wrongful act caused the loss, [citation omitted.] ... A subrogee stands in the shoes of the subrogor in whose name the action is brought [citation omitted.] Thus, the insurer’s rights by subrogation are no greater than the rights of the insured, [citation omitted.] The general rule is that a single negligent act causing damage to an individual ‘can be tiie basis of only one cause of action on his (or her) behalf which cannot be divided or split into... separate suits, so that a recovery for part of the loss will bar a subsequent suit to recover for other elements of damage.’” Id.

 “The parol evidence ride has been stated as follows: Where a writing appears to express the entire transaction or agreement entered into between the parties thereto, extrinsic evidence of prior or contemporaneous oral or written representations will not be admissible to vary, alter or control the written agreement HUGHES, EVIDENCE §421 (1961).” Spileos v. DiCenso, 1994 Mass. App. Div. 139, 140.